

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-82,566-01; WR-82,566-02; WR-82,566-03; WR-82,566-04; WR-82,566-06; WR-82,566-07**

**EX PARTE ISAIAS LUJAN PALACIOS, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. CR36475A; CR36477A; CR26475B; CR26477B; CR36475C; CR36477C
IN THE 142ND DISTRICT COURT FROM MIDLAND COUNTY**

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated assault and sentenced to twenty years' imprisonment in both of these cause numbers. The Eleventh Court of Appeals affirmed his conviction. *Parks v. State*, Nos. 11-11-00084-CR & 11-11-000850CR (Tex. App.—Eastland April 11, 2013)(not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On January 28, 2015, this Court denied application numbers WR-82,566-01 & WR-82,566-02 based on the findings of the trial court without a hearing. On February 18, 2015, this Court

denied application numbers WR-82,566-03 & WR-82,566-04 based on the findings of the trial court without a hearing. On February 23, 2022, this Court received a third set of applications, WR-82,566-06 & WR-82,566-07 in the same trial court cause numbers alleging that there was prosecutorial misconduct in the review of his initial two sets of habeas applications in Midland County. It has been determined that former assistant district attorney Ralph Petty was paid by the district judges to work on Applicant's earlier 11.07 applications at the same time as he was employed as an appellate prosecutor by the Midland County District Attorney's office. That dual employment was not disclosed to this Court or Applicant at the time his earlier applications were under consideration.

While it does not appear that Petty's dual employment affected the pre-trial, trial, or appellate proceedings in Applicant's case, the undisclosed employment relationship between the District Judge who presided over the initial habeas proceedings in this case and the prosecutor who simultaneously represented the State in the same proceeding leads us to conclude that Applicant was deprived of his due process rights to fair consideration of his claims in the first two sets of habeas applications. Therefore, this Court now reconsiders on its own motion the denials without written order on the findings of the trial court of application numbers WR-82,566-01; WR-82,566-02; WR-82,566-03 & WR-82,566-04.

However, after an independent review of the records in these cases without consideration of the trial court's findings of fact and conclusions of law, this Court believes that Applicant's claims are refuted by those records. Therefore, after reconsideration on the Court's own motion, relief is again denied in cause numbers WR-82,566-01; WR-82,566-02; WR-82,566-03 & WR-82,566-04.

Applicant's third set of applications, cause numbers WR-82,566-06 & WR-82,566-07 are dismissed as moot.

Filed: March 30, 2022
Do not publish